12 46-15

In the

Court of Criminal Appeals

Austin, Texas

No. 10-14-00130-CR

Michael Darren Boydston
                                    Appellant

vs.

the State of Texas,
                              Appellee

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

From the 18th District Court
Johnson County, Texas
Trial Court No. F48751

FILED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

---

## Petition for Discretionary Review

Michael Darren Boydston
Appellant, pro se
Texas Department of Criminal Justice
Institutional Division
Michael Unit
TDCJ-ID # 1954641
Tennessee Colony, tx. 75886

# Table of Contents

| Subject | Page |
|---|---|
| Table of Contents | 2 |
| Index of Authorities | 3 |
| Request of Oral Argument - waived | 4 |
| Statement of the Case | 4 |
| Statement of Procedural History | 4 |
| Grounds for Review I; subject Matter; Allowance of Extraneous Offense Matters | 5 |
| Grounds for Review II; subject matter; Proper review of insufficient evidence | 5 |
| Arguement | 6 |
| Prayer | 13 |
| Foot notes | 15 |
| Appendix Enclosed | |

# Index of Authorities

Cases | Page

Arceneaux v State 803 S.W. 2d 267 ( Tex. Crim. App. 1990) — 6

Boutwell v State 719 S.W. 2d 164 ( Tex Crim. App. 1986) — 13

Brooks v State 323 S.W. 3d 893 ( Tex. Crim. App. 2010) — 13

Luda v State 334 S.W. 3d 766 (Tex. Crim. App. 2011) — 6

Chambers v State 805 S.W. 2d 459 ( Tex. App. 1991) — 10

Cordova v State 698 S.W. 2d 107 ( Tex. Crim. App. 1985) — 8

Gold v State 736 S.W. 2d 685 ( Tex Crim. App. 1987) — 13

Grunsfeld v State 843 S.W. 2d 521 ( Tex. Crim. App. 1992) — 11

Huddleston v U.S. 108 S.Ct. 1496 (1988) — 9

Jackson v Virginia 99 s.Ct. 2781 (1979) — 10

Malik v State 953 s.W. 2d 234 ( Tex. Crim. App. 1991) — 6

Medellin v State 617 S.W. 2d 229 (Tex. Crim. App. 1981) — 8

Montgomery v State 810 S.W. 2d 372 ( Tex. Crim. App. 1990) — 9

Osbourne v State 92 S.W. 3d 531 (Tex. Crim. App. 2002) — 8

Villalon v State 739 S.W. 2d 450 (Tex. App. 1987) — 10
791 S.W. 2d 130 ( Tex. Crim. App. 1990) — 10

Woodall v State 376 S.W. 3d 134 (Tex. App. 2012) — 6

## Statutory Provisions

Tex. Code Crim. Proc. Ann. art. 38.37 — 5, 6, 15

Tex. Code Crim Proc. Ann. art. 38.37 Sec. 2 — 5, 6, 15

Tex. Code Crim Proc. Ann. art. 38.37 sec 2a — 5, 6, 15

Tex. Penal Code Ann. Sec. 22.11 — 6, 15

Tex Penal Code Ann. Sec. 22.011 — 6, 15

## Oral Arguement Not Required

Appellant firmly believes oral arguement is not necessary, for the Petition itself is clear and convincing, in its novelty, therefore oral arguement is waived.

## Statement of the Case

Appellant was convicted of sexual assault of a child[3] and Indecency with a child[4] with the aided use of extraneous offense matters,[5] granted over Appellants objection. Convictions were enhanced due to a prior Felony DWI and Appellant was sentenced to two consecutive life sentences. The Court of Appeals affirmed the convictions, holding, the trial courts determination to allow the admission of the evidence of the seperate offense was within the zone of reasonable disagreement and that the modicum of evidence for the charges at hand was sufficient to uphold the convictions[6][7]. The Petition challenges both of these holdings.

## Statement of Procedural History

On August 6, 2015 the Court of Appeals affirmed the two felony convictions. Appellants motion for rehearing and en banc reconsideration was mailed August 19, 2015 and denied on August 27, 2015. On September 23, 2015 Appellants First Motion for extension of time to file Petition for Discretionary Review was granted and extended to November 30, 2015. Subsequently, Appellant mailed Motion to Expand the Issues on the Record of Petition for Discretionary Review on September 16, 2015.

4

## Grounds for Review

### I

Has the Court of Appeals appropriately conducted a proper standard of review on sufficiency of the evidence; requirements of penal codes and the overall record of circumstances, unseen, in which the newly acquired, (2013) Article 38-37 Section 2-a hearing, which amounts to a bench trial, was based solely on the testimony of a third party complaintant of an unadjudicated 2003 charge and then allowed to be used in trial, under Art. 38.37 Sec 2

Vol. 4, R.R. p. 8-27 Third party testimony   Vol. 6 RR. p. 31-51
Vol. 4, R.R. p. 28-31 Arguement on Allowance

### II.

Did the Court of Appeals properly analyze the less than mere modicum of evidence brought forth by perplexing and confusing testimony of the complaintant that is then and there not corroborated by the non-accomplice, outcry witness proffered by the State and is this less than mere modicum sufficient to uphold the two convictions and life sentences.

Vol. 5 R.R. p. 135 - 163

5

# I.

At the hearing required by Article 38-37 Section 2-a[1], the preponderance of mere speculation greatly out weighed the factually supported inferences or facts of the elements required to support convictions for Penal Codes 22-11[2] and 22.011[3] simply because there are not any facts or factually supported inferences. The complaintant testifies, only, to the appellant "climbing on top of her and forcing her to have sex, while choking her." The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case. Malik v State 953 S.W.2d 234, 240 (Tex. Crim. App. 1991) Arceneaux v State 803 S.W. 2d 267, 270 (Tex. Crim. App. 1990)

At no time, hearing or trial, did complaintant testify to any matters brought forth in Indictment No. F38147, States exhibit No. 5. It appears count one was left open ended, so that any threat or type of bodily injury could be met. The sufficiency of the evidence is measured by the element that was actually pled, not any other statutory alternative element. Cada v State 334 s.w. 3d 766, 774 (Tex. Crim. App. 2011) In. Woodall v State 376 S.w. 3d 134 (Tex. App. 2012) The Court of Appeals held, evidence was legally insufficient to support defendants conviction of aggravated sexual assault of a child, as evidence was insufficient to support finding of penetration. Although similar with Malik and a hypothetically correct jury charge, the circumstances, nature of testimony and evidence here are unseen, thus in need of review.

The complaintant does not testify to any specific form of

indecency, contact, brushing, rubbing, feeling, pushing and or grazing of any of her body parts, nor does she testify to any form of penetration as specified by the Penal Codes and the indictment itself, leaving mere speculation. The Court of Appeals holds "it is reasonable to infer K.I. would have not bled from her vagina without some type of contact on her genitals, which is all that is required for the trial court to have determined that evidence presented was adequate." Has the Court of Appeals missinterpreted the requirements of the charged penal codes and a hypothetically correct jury charge and at the same time established the inference that genital contact is the cause for menstruation?

The Court of Appeals cites "K.I. did not remember what Boydston was wearing Before these events occurred, and she didn't have marks on her neck where Boydston allegedly choked her."

4 R.R. p.23 Q. Do you recall what he was wearing?

A. I don't remember.

The Court of Appeals recital is unfounded, that statement is not found in the record. Multiple times the Court emphasizes, with etymology brackets, the Appellant choked the complaintant [ with his hands ], pluralized, leaving the question of how or what penetrated or made contact with the complaintants genitals, while both were fully clothed, maybe.

4 R.R. p.15 Q. Why did you not scream?

A. Because he was on top of me holding me down, and he had his arms around my neck and he scared me.

7

Not once did the complaintant dictate what the Appellant allegedly choked her with until the above question and answer, leaving more speculation as well as inference stacking, as noted by the lower courts recital.

4 R.R. p.21 Q. About how long did that action take --- how long did it all take place?

A. I would guess about, I don't know, probably 20 minutes or so, I don't --- I don't know.

This, of course, referring to the alleged sexual assault in which the complaintant never testifies to passing out during twenty minutes of asphyxiation, or having any marks on her neck afterwords. In reviewing evidence, we should look at " events occuring before, during, and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibitted act. Cordova v State 698 S.W. 2d 107, 111 (Tex. Crim. App. 1985) Medellin v State 617 S.W. 2d 229, 231 (Tex. Crim. App. 1981)

If the trial courts decision on the admission of the evidence is supported by the record, there is no abuse of discretion and the trial court will not be reversed. Osbourne v State 92 S.W 3d 531, 537 (Tex. Crim. App. 2002) Appellant contends the evidence was not, in fact, supported by the record in the Article 38-37 hearing in which the state proffered only the complaintants testimony. In order to be supportive it would reflect all the evidence of the unadjudicated, third party, 2003 charges. That is to say

as long as the trial courts ruling was within the zone of reasonable disagreement, the appellate court should affirm. Montgomery v State 810 S.W. 2d 372, 391 (Tex. Crim. App. 1990) Appellant suggest, reasonable men may disagree whether in common experience a particular inference is available, but what about when all the evidence is available. If surveyed would the sum of reasonable men, and women, want to hear the whole story, or a few inferences, speculation, when considering the liberty at stake.

In determining whether government has introduced sufficient evidence to support fullfillment of condition of fact upon which relevancy of similar-acts evidence depends, trial courts neither weighs credibility nor makes finding that the government has proved conditional fact by preponderance of the evidence but simply examines All the evidence in Case and decides whether jury could reasonably find conditional facts by preponderance of evidence. Huddleston v U.S. 108 S.Ct. 1496 (1988) In the present case the similar acts proposed are from a third party complaintant, where there is a whole nother case of evidence involved, a whole nother record. Of the 47 names on the States Witness List, 29 were from the extraneous matters offense, five of which were living at the residence at the time of the alleged offense. However, none of the 5 testified.

During the trial, States witness and lead Detective over the 2003 case, Jason Buchanon, gave testimony that completely contradicts the complaintants testimony. This was compelled by Appellants

9

Attorney from a sworn affidavit of warrant for arrest in which Mr. Buchanon, under oath, recites the complaintants outcry interview with Sharon Conrod, formerly with Johnson County Childrens Advocacy Center and States Witness number 37. Subsequently, Sharon Conrad did not testify. This sworn affidavit was not admitted into evidence, although properly or improperly it was introduced to the triers, just not in full. Appellants only copy can be viewed in a Motion to Expand the Issues on the Record of the Petition For Discretionary Review mailed to the Court of Criminal Appeals on September 16, 2015.

In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense. Jackson v Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) In Villalon v State 739 S.W. 2d 450 (Tex-App-13 dist. 1987) the Court of Appeals reversed and remanded a conviction of aggravated sexual assault due to contradiction from the outcry witness account and the complaintants testimony and finding the rest of the states evidence to be insufficient to establish penetration. the Court of Criminal Appeals, En banc, 791 S.W. 2d 130 (Tex-Cr. App. 1990) reversed the lower courts ruling on the basis that the court did not review all the evidence, i.e., the mother of the complaintant corroborating the complaintants bleeding, giving weight only to the contradiction.

In, Chambers v State 805 S.W. 2d 459 (Tex-App- 1991) the Court of Appeals reversed an indecency with child conviction

based on contradiction of a prior video statement verses testimony; that it lacked probative value, and without it the evidence was insufficient to prove the essential elements. However, the Court of Criminal Appeals reversed the lower courts ruling on the basis that, there was additional circumstantial evidence from other witnesses which tended to corroborate the childs prior videotaped statement.

Here, in the instant case, you have only the complaintants testimony in the Article 38.37 hearing, which is later in trial contradicted by the lead Detective, whom at the same time impeaches himself and proffers, prosecution lead, hearsay testimony, only to leave more speculation. Appellant believes a proper review of this contradiction of testimony, as well as the rest of the facts supported in this Ground, would support a different result of the court of Appeals decision of the allowance of the extraneous matters offenses due to the record of evidence never having been supported, requirements of penal codes never met, and overall lack of sufficient evidence. Appellant, in his research, has found a plethora of case law dealing with same transaction contextual - same complaintant, extraneous matters offenses, as well as unadjudicated third party complaintant extraneous matters offenses. For purposes of showing the perplexity of the case at bar, and not degrate, all of the latter were reversed as inadmissable, i.e. Grunsfeld v State 843 S.W. 2d 521 (Tex.Cr.App. 1992) (all Pre 2013 Article 38.37 Ammendment) leaving the Appellant, pro se researcher, to work

with no current case law and thus feels very adamant this petition be granted.

## II.

Court of Appeals Memorandum Opinion cites " the victim testified that one night in June 2009, she and her sister had fallen asleep at Boydston's house in his bed while watching television. S.F. awoke at around 3:00 A.M. by Boydston, who was moving his hand under her shirt toward her vagina. S.F. stated that Boydston inserted a finger into her vagina, Boydston then suggested they go into the living room where he pulled down her shorts and started licking her vagina."

A brief summary of the complaintants testimony that is factually supported by the record. The complaintant, S.F., testifies that the appellant repeatedly sexually harrassed her making her uncomfortable, but she continued to go to his house. With all the uncomfortt-ableness she and her twin sister fall asleep in his bed, under the sheets, with him. (the Appellant) Her then wakes her up, puts a little of his Hand in her vagina and suggest they go to the couch, which is five feet from the bed. While on the couch she contends the Appellant is licking her vagina, then tries to show her his penis, she says stop, the Appellant stops. At some point during all of this, the complaintants twin sister wakes up and walks five feet to the couch, then the Appellant and the sister go get back in the bed, and maybe the complaintant as well. After this prohibited act the complaintant proceeds to stay

at Appellants a few more days.

The complaintant, presumably, had 3 other residence she could stay at that were within walking distance, yet uncomfortably stayed at the Appellants, even after the alleged incident. Furthermore, the non-accomplice outcry witness did not testify on her twin sisters behalf.

Our rigorous legal sufficiency review focus on the Quality of the evidence presented. Brooks v State 323 S.W. 3d 893, 917-18 (Tex. Crim. App. 2010) Evidence is sufficient only if the state has affirmatively proven each of the essential elements of the offense. Geld v State 736 S.W. 2d 685 (Tex. Crim. App. 1987) Sexual offenses are highly emotional issues in our society and the defendants are regarded differently from the "ordinary" criminal. Boutwell v State 719 S.W. 2d 164, 173 (Tex. Crim. App. 1986)

This modicum of evidence was insufficient and brought forth the need for propensity evidence. Appellant contends that a properly applied review, of the, charged, matters at hand, with the complaintants perplexing and confusing testimony, Standing Alone[1], under the Jackson light, a different result would prevail and not the affirmation of the two directed verdicts[2][3] and life sentences.

### Prayer for Relief

Wherefore, for the above and foregoing reasons, Appellant respectfully prays the Court of Criminal Appeals grant this Petition in the Interest of Justice so that a proper review may be performed and an acquittal

granted or in the alternative remand the case for a new trial.

Signed this 24th day of November 2015, in Anderson County.

*Michael Boydston*

Michael Darren Boydston #1954691
Appellant, pro-se
Michael Unit
2664 FM 2054
Tennessee Colony, Tx. 75886

14

# Footnotes

(1) Article 38.37 V.A.C.C.P. ; Evidence of Extraneous Offenses or Acts

Sec 2. Evidence that the defendant has committed a seperate offense (2013)

Sec. 2-a Before evidence described by section 2 may be introduced, the (2013)

trial judge must;

(1.) determine that the evidence likely to be admitted at trial will be adequate

to support a finding by the jury that the defendant committed the seperate

offense beyond a reasonable doubt and;

(2) conduct a hearing out of the presence of the jury for that purpose.


(2) Penal Code 22.11 Indecency with a child

A person commits the offense of Indecency with a child if, with a child younger than

17 years of age, same or opposite sex, the person;

(1.) engages in sexual contact with the child or causes the child to engage in

sexual contact; or

(2) with the intent to arouse or gratify the sexual desire of any person=

(A.) Exposes the persons anus or any part of the persons genitals,

knowing that a child is present; or

(B.) causes the child to expose the child's anus or any part of the

child's genitals

"Sexual contact" means the following acts; if committed with the intent to

arouse or gratify the sexual desire of any person=

(i.) any touching by a person, including through clothing, of the anus, breast or

any part of the genital of a child; or

(2) any touching of any part of the body of a child, including touching

through clothing, with the anus, breast, or any part of the genitals of a person. Section 22-11 (c) (1) (2) (2011)

② Penal Code 22-011 Sexual Assault of a Child

A person commits the offense of sexual assault of a child if the person intentionally or knowingly:

(1.) causes the penetration of the anus or sexual organ of a child by any means;

(2) causes the penetration of the mouth of a child by the sexual organ of the actor;

(3) causes the sexual organ of a child to contact or penetrate the mouth, anus or sexual organ of another person, including the actor.

(4) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor

(5) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

④ The testimony of a child victim standing alone is sufficient to support a conviction for indecency with a child or sexual assault of a child and corroboration of that testimony is not required. Martinez v State, 178 S.W. 3d 806, 814 (Tex. Crim. App. 2005) Appellant is in question and confused with the Court of Appeals arguement of Martinez, Recognizing, us the should under a proper review, the use of the extraneous matters offenses as compared to the abandonment of the non-accomplice outcry witness (No. 6 on the States Witness list) This is mentioned for appliance of the sufficiency review on the charges at hand, only, and not for any form of Degrate.

16



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00310-CR

**MICHAEL DARREN BOYDSTON,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F48751

## MEMORANDUM OPINION

Michael Darren Boydston appeals from convictions for the offenses of indecency with a child by contact and sexual assault of a child, for which he was sentenced to two consecutive terms of life in prison. TEX. PEN. CODE ANN. §§ 21.11, 22.011 (West 2011). Boydston complains that the trial court abused its discretion by allowing testimony regarding an extraneous offense and that the evidence was insufficient to support the convictions for indecency and sexual assault. Because we find that the trial court did

not abuse its discretion and the evidence was sufficient, we affirm the judgment of the trial court.

*Extraneous Offense*

In his first issue, Boydston complains that the trial court abused its discretion by allowing the testimony of K.I. regarding an alleged sexual assault by Boydston in 2003 when she was 15 years old. The trial court conducted a hearing outside of the presence of the jury as required by article 38.27 of the Code of Criminal Procedure to determine whether or not the testimony of K.I. would be admitted. Boydston argues that the evidence presented at the hearing would not have supported a finding beyond a reasonable doubt that he committed either the offense of sexual assault of a child or indecency with a child.

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (*quoting Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (*citing Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810

S.W.2d at 379). Where there has been no abuse of discretion, we will not substitute our own decision for that of the trial court. *Id. (citing Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

Article 38.37, section 2(b) states that "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) . . . may be admitted in the trial of an alleged offense described by Subsection (a)(1) . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." The trial court is required to conduct a hearing outside of the presence of the jury to determine whether the evidence of the separate offense is "adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 38.37, sec. 2-a.

Section 21.11 of the Texas Penal Code, entitled "Indecency with a Child," states in relevant part:

> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact . . .
>
> . . . .
>
> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child...

Tex. Penal Code Ann. § 21.11.

At the hearing before the trial court, K.I. testified that in July of 2003, when she was 15 years old, she was watching television late one night while she was at her aunt's house. Boydston and K.I.'s uncle arrived at the house late after having gone to a bar. Boydston was a friend of her aunt and uncle's. Boydston went into a spare bedroom, but came out at some point after her aunt and uncle had gone to bed. K.I. stated that Boydston forced her to have sex with him and it caused her to bleed from her vagina. K.I. stated that Boydston had choked her while he was forcing her. Afterward, Boydston told K.I. not to tell her aunt because her aunt would be very upset with her.

K.I. did not tell anyone what had happened at that time. She had thrown away the shorts she was wearing that night because they had blood on them. K.I. did not remember what Boydston was wearing before these events occurred, and she did not have marks on her neck where Boydston had allegedly choked her.

Boydston argues that because K.I. did not testify specifically that Boydston caused his sexual organ to contact her sexual organ or that he ever touched her breast or genital area, the evidence was not adequate for the trial court to have allowed its admission before the jury. We disagree. The evidence before the trial court was that Boydston had gotten on top of K.I. and forced her to have sex while he choked her,

which caused her vagina to bleed. It is reasonable to infer that K.I. would not have bled from her vagina without some type of contact on her genitals, which is all that is required for the trial court to have determined that the evidence presented was adequate to support a finding by the jury that Boydston committed the offense of indecency with a child beyond a reasonable doubt. Boydston does not argue that any other element of the offense of indecency with a child was not sufficient. We find that the trial court's determination to allow the admission of the evidence of the separate offense was within the zone of reasonable disagreement. We overrule issue one.

*Sufficiency of the Evidence*

In his second issue, Boydston complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he committed the offense of indecency with a child by contact. In his third issue, Boydston complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he committed the offense of sexual assault. Boydston contends that the victim's testimony is not credible and therefore, presents no more than a modicum of evidence that he committed the offenses.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light

most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The testimony of a child victim standing alone is sufficient to support a conviction for indecency with a child or sexual assault of a child and corroboration of

that testimony is not required. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005). The victim, S.F., testified that one night in June of 2009, she and her sister had fallen asleep at Boydston's house in his bed while watching television. S.F. awoke at around 3:00 a.m. by Boydston, who was moving his hand under her shirt toward her vagina. S.F. stated that Boydston inserted a finger into her vagina. Boydston then suggested that they go into the living room, and S.F. went with him into the living room where he pulled down her shorts and started licking her vagina.

Boydston argues that the evidence was insufficient because there was no medical or physical evidence of the offenses, no witnesses other than S.F. and Boydston, S.F. was unable to remember specific details of what occurred other than the offenses themselves, S.F. did not tell anyone that the offenses had occurred until several years later when she was questioned about it, and S.F. allegedly told her niece that the offenses did not occur. Additionally, Boydston testified that the offenses did not occur.

The jury was in the best position to observe the witnesses directly and the jury was in the best position to determine which witnesses were credible or were not credible. We presume that the jury resolved the conflicts in favor of the prosecution. Any lack of memory by the victim or other circumstances surrounding the offenses as well as any evidence that the offenses did not occur were all before the jury, and it was their determination that Boydston was in fact, guilty of the offenses. Viewing the

evidence in a light most favorable to the judgment, we find that the testimony of the victim was sufficient for a reasonable juror to have determined beyond a reasonable doubt that Boydston did commit the offenses as alleged. We overrule issues two and three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CRPM]





# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

August 6, 2015

No. 10-14-00310-CR

MICHAEL DARREN BOYDSTON

v.

THE STATE OF TEXAS

From the 18th District Court
Johnson County, Texas
Trial Court No. F48751

## JUDGMENT

This Court has reviewed the briefs of the parties and the record as relevant to the issues raised in this proceeding and finds that no reversible error is presented. Accordingly, the trial court's judgment signed on September 30, 2014 is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: _____
Nita Whitener, Deputy Clerk



Michael Boylston II 1954691
Michael Unit
2664 FM 2054
Tennessee Colony, Tx. 75886

RETURN RECEIPT
REQUESTED

Court of Criminal Appeals
Attn: Abel Acosta, Clerk
P.O. Box 12308, Capital Station
Austin, Tx. 78711

